1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5 OAKLAND DIVISION

6

7 TORAINO L. YOUNG,

8              Plaintiff,                    No. C 13-0312 PJH (PR)

9   vs.                           **ORDER OF DISMISSAL**

10 M. VALDEZ, et. al.,

11              Defendants.

12 _____/

13       Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison, has filed

14 a pro se civil rights complaint under 42 U.S.C. § 1983.  The original complaint was

15 dismissed with leave to amend and plaintiff has filed an amended complaint.

16                               **DISCUSSION**

17 **A.**    **Standard of Review**

18       Federal courts must engage in a preliminary screening of cases in which prisoners

19 seek redress from a governmental entity or officer or employee of a governmental entity.

20 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22 be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

23 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27 the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28 grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    omitted).  Although in order to state a claim a complaint "does not need detailed factual

2    allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3    requires more than labels and conclusions, and a formulaic recitation of the elements of a

4    cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5    above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6    (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7    plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8    the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9    framework of a complaint, they must be supported by factual allegations.  When there are

10   well-pleaded factual allegations, a court should assume their veracity and then determine

11   whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

12   1937, 1950 (2009).

13          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14   elements:  (1) that a right secured by the Constitution or laws of the United States was

15   violated, and (2) that the alleged deprivation was committed by a person acting under the

16   color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17   **B.   Legal Claims**

18          In his amended complaint, plaintiff describes events in 2005 and 2008, where he

19   was placed in Administrative Segregation (Ad. Seg.) and the Secured Housing Unit (SHU).

20   Plaintiff presents a detailed time line of events, though it is not exactly clear the specific

21   claims he wishes to present and against which defendants, other than general due process

22   and equal protection violations.  However, plaintiff has not addressed the deficiencies

23   identified by the court in the initial review order: that this action is untimely, no allegations of

24   any hardship in Ad. Seg. or the SHU and that there was some evidence to find him guilty of

25   the charges.

26          The statute of limitations for civil actions filed in California is two years, as set forth

27   at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983

28   actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Because an inmate

United States District Court
For the Northern District of California

suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.  California Civil Procedure Code § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000).[1]  Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999).  Plaintiff's allegations concern events that are beyond the statute of limitations as this case was filed on January 23, 2013, and plaintiff has failed to present any arguments why the action could be construed as timely.

Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Plaintiff has not presented any allegations that he suffered any atypical and significant hardships while in Ad. Seg. or the SHU.

---

[1] The two years of tolling is for prisoners serving less than a life term.  The court is not aware of plaintiff's sentence, but even with the two years tolling many of these claims remain untimely.  California Civil Procedure Code § 352.1(a)

**United States District Court**
For the Northern District of California

1    The Ninth Circuit requires that "some evidence" also support a decision to place an

2 inmate in segregation for administrative reasons.  *See Toussaint v. McCarthy*, 801 F.2d

3 1080, 1104 (9th Cir. 1986).  This standard applies to placement in a SHU for gang

4 affiliation.  *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (noting that any one of

5 three pieces of evidence -- a sheriff's department report that prisoner was a gang member,

6 a probation report that prisoner's codefendant was a gang member, and a statement from a

7 prison informant -- would constitute "some evidence").  The standard is met if there was

8 some evidence from which the conclusion of the administrative tribunal could be deduced.

9 *See Toussaint*, 801 F.2d at 1105 (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

10 Ascertaining whether the standard is satisfied does not require examination of the entire

11 record, independent assessment of the credibility of witnesses or weighing of the evidence.

12 *See id.*  Instead, the relevant question is whether there is any evidence in the record that

13 could support the conclusion reached.  *See id.*  Reviewing plaintiff's complaint, it appears

14 there was some evidence to support the prison officials decision and plaintiff's assertion,

15 simply that the evidence was insufficient, fails to raise a federal claim.

16                                                        **CONCLUSION**

17    For the reasons set forth above this action is **DISMISSED** for failure to state a claim

18 upon which relief may be granted, and because plaintiff has already been given an

19 opportunity to amend, the dismissal is with prejudice.

20    **IT IS SO ORDERED.**

21 Dated:  April 15, 2013.

                                                _____
22                                              PHYLLIS J. HAMILTON
                                                United States District Judge
23 G:\PRO-SE\PJH\CR.13\Young0312.dis.wpd

24

25

26

27

28

                                                        4